IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:21 CV 205 WCM

| | | |
|---|---|---|
| ANDREW SCHULTZ and<br>JENNY SCHULTZ<br><br>    Plaintiffs,<br><br>v.<br><br>UNIVERSAL PROPERTY AND<br>CASUALTY INSURANCE COMPANY<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | ORDER |

This matter is before the Court on Plaintiffs' Motion to Remand, Doc. 6, and a related Stipulation of Damages, Doc. 7.

I. **Procedural Background**

The record indicates that in June of 2021, Plaintiffs filed suit in the Superior Court of Jackson County, North Carolina.

On August 5, 2021, Defendant removed the case, alleging that diversity jurisdiction existed, including that the amount in controversy exceeded $75,000 exclusive of interest and costs. Doc. 1 at ¶¶13-21.[1]

---

[1] There is no dispute regarding the citizenship of the parties; in the Notice of Removal, Plaintiffs are alleged to be citizens of North Carolina and Defendant is alleged to be a citizen of Florida. Doc. 1 at ¶¶7 & 11; see also Doc. 1-1 at ¶1.

1

During an initial pretrial conference on September 16, 2021, counsel for Defendant advised that the parties had reached an agreement to remand the case and that a consent Motion to that effect would be forthcoming.

The Motion to Remand and the Stipulation were filed the next day, September 17, 2021. Docs. 6 & 7.

## II. Discussion

The Motion to Remand states that the Court should remand the case to state court because, in fact, the amount in controversy is less than $75,000, excluding interest and costs. The Motion further advises that Defendant does not oppose remand, "provided Plaintiffs stipulate to a limitation of any and all relief to less than $75,000.00." Doc. 6 at ¶6.

In the Stipulation, the parties state that the damages sought by Plaintiffs "for all causes of action cumulatively shall not exceed $75,000 (Seventy-five Thousand Dollars)" and that, should any award be made that exceeds that sum, "Plaintiffs agree and covenant not to enforce any such award exceeding $75,000 (Seventy-five Thousand Dollars)." The Stipulation also expressly states that the "$75,000 (Seventy-five Thousand Dollars) threshold for the purposes of this Stipulation shall be inclusive of any and all recoveries for costs, expenses, interest, treble damages, punitive damages, attorney's fees recoverable as costs, and otherwise." Doc. 7.

Pursuant to 28 U.S.C. §1447(c), "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." The burden of establishing jurisdiction lies with the removing party. Mulcahey v. Columbia Organic Chemicals Co., 29 F.3d 148, 151 (4th Cir. 1994) (citing Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 42 S.Ct. 35, 66 L.Ed. 144 (1921)).

Courts generally determine the amount in controversy by examining the complaint at the time of the commencement of the state court action and at the time of removal. JTH Tax, Inc. v. Frashier, 624 F.3d 635, 638 (4th Cir. 2010); Messer v. MOR PPM, Inc., No. 1:12cv111, 2012 WL 2602824, at *1 (W.D.N.C. July 5, 2012) ("Thus, at the time of removal, the amount in controversy did not exceed $75,000.00 and the case was improperly removed"); Pigg v. Progressive Cas. Ins. Co., No. 3:06 CV 125-H, 2006 WL 1789145 (W.D.N.C. June 27, 2006) (whether jurisdictional amount is met is determined as of the time the complaint was filed).

Consequently, when a complaint in good faith alleges a sufficient amount in controversy, subsequent stipulations that attempt to reduce the amount in controversy will not impact a court's jurisdiction. See Progressive W. Ins. Co. v. William Morrissey, No. CV 2:21-1257-RMG, 2021 WL 3275883, at *2 (D.S.C. July 29, 2021) ("a party may not reduce or change his or her demand for damages by way of stipulation to defeat diversity jurisdiction once an amount

3

has been stated") (citing Porche Cars N. Am., Inc. v. Porsche.net, 302 F.3d 248, 255-56 (4th Cir. 2002); Griffin v. Holmes, 843 F. Supp. 81, 87 (E.D.N.C. 1993) ("[T]he plaintiff … may not defeat diversity jurisdiction by filing a post-removal amendment of the complaint which reduces the amount of damages requested by the complaint below the amount in controversy required by 28 U.S.C. §1332(a)")).

Some courts have noted, however, that if the initial complaint did not specify the damages sought, a later-filed stipulation may be considered as clarifying the amount in controversy. See Liesman v. Weisberg, No. 3:17-CV-660, 2018 WL 3242691, at *3 (W.D.N.C. July 3, 2018) ("The Third and Fifth Circuits, as well as district courts within the Fourth Circuit, have held that plaintiffs in removal actions may clarify the damages sought when state pleading requirements did not permit him to do so in the original complaint. However, the Fourth Circuit has not specifically addressed this issue") (citations omitted); see also Progressive W. Ins. Co., 2021 WL 3275883, at *3 ("various jurisdictions have found where the initial complaint does not specify an amount in controversy, a post-removal stipulation that damages will not exceed the jurisdictional minimum can be considered as a clarification of an ambiguous complaint, rather than a post-removal amendment of the plaintiff's complaint") (citing Stanley v. Auto-Owners, Ins. Co., 423 F. Supp. 3d

225, 229 (D.S.C. 2019); Sanders v. Progressive Direct Insurance Company, No. 9:20-cv-2480-DCN, 2020 WL 5017855, at *2 (D.S.C. Aug. 25, 2020)).

Therefore, the question presented is whether Plaintiffs' Complaint clearly demonstrated that Plaintiffs were seeking sufficient damages to meet the amount in controversy requirement.

In a section of the Complaint entitled "damages," Plaintiffs state that Defendant's actions have caused them damages "exceeding Twenty-Five Thousand Dollars (>$25,000) but not exceeding Seventy-four Thousand and 99/100 Dollars (<=$74,999.00)." Doc. 1-1 at ¶44. Plaintiffs also allege that they are entitled to punitive damages and attorney's fees. Doc. 1-1 at ¶¶45-48. Finally, in the prayer for relief, although Plaintiffs request compensatory damages in a sum greater than $25,000 but not exceeding $74,999, treble damages, and punitive damages, they also state that "the total sum of recovery on all combined damages shall not exceed" $74,999.

In removing the case, it appears that Defendant read Plaintiffs' attempted limitation of $74,999 to apply to compensatory damages only, with additional amounts being sought for treble damages and punitive damages. Defendant also submitted a Sworn Statement in Proof of Loss in which Plaintiffs had indicated that the total amount they claimed under the subject insurance policy was $65,488.35. Doc. 1-2.

Such a reading of Plaintiff's Complaint was not unreasonable.

However, the reference in the prayer for relief that Plaintiffs intended "all combined damages" to be limited to no more than $74,999 creates ambiguity and indicates that an alternative reading is possible—specifically, that Plaintiffs' intended, at the time they filed their Complaint, for all of their damages to be limited to less than $75,000. By the Stipulation, Plaintiffs have expressly stated this position and Defendant has accepted it.

Having closely reviewed the parties' filings and applicable authorities, and in view of the clarifying Stipulation, the undersigned is persuaded that remand is appropriate.

Accordingly, Plaintiffs' Motion to Remand (Doc. 6) is **GRANTED** and this matter is **REMANDED** to the Superior Court of Jackson County, North Carolina.

It is so ordered.

Signed: October 22, 2021

W. Carleton Metcalf
United States Magistrate Judge